QUINCY DAVIDSON AND ANOTHER V. THE STATE.

If the *scire facias* (upon a forfeited recognizance) contained sufficient matter of substance, intelligibly presented, and was properly tested, it would not be a fatal objection that it contains irrelevant matter and is informal.

It does not apprise the defendants that they are required to show cause why judgment final should not be entered against them, or what, in particular, they are required to answer.

It is a joint *scire facias* against two, upon two several judgments (in one entry.)

It would seem that in making up a transcript for the Supreme Court, some representation of the official seals to such documents as are so authenticated ought to be made by the Clerk.

Quere, whether it is not competent to amend a *scire facias*, and take judgment by default, without giving notice of the amendment.

Appeal from Goliad. Tried below before the Hon. James Webb.

May Term, 1853, without further date, personal recognizance of John A. J. Hamilton, in open Court, (after mistrial by a jury unable to agree upon a verdict,) in the sum of $5000, to answer indictment for the murder of Edwards Ragland; and of Quincy Davidson and David Emison, as sureties of said Hamilton, in the sum of $2500 each; and of Darwin M. Stapp, Hugh Stapp, Green Davidson and Quincy Davidson, as witnesses in behalf of the State in said case, in the sum of $250 each.

November 25th, 1853, forfeiture of said recognizance as to said Hamilton and his sureties; *scire facias* ordered to issue to each; and *alias capias* ordered for Hamilton. This entry, in reciting the recognizance, recited its date as May 26th, 1853.

May 26th, 1854, on motion of District Attorney, the return of the Sheriff was quashed, and *alias scire facias* ordered.

*Alias scire facias* as follows:—

THE STATE OF TEXAS, *County of Goliad.*

The State of Texas to the Sheriff of Victoria county, greeting. In the name and by the authority of the State of Texas. That whereas, at a Term of the District Court of the State of Texas, began and holden in and for the county of Victoria aforesaid, on

the first Monday in March, A. D. 1853, eighteen hundred and fifty-three, and afterwards, to wit: on Tuesday, March 10th, 1853, the Grand Jury there serving in the said District Court returned into Court an indictment against John A. J. Hamilton, for the murder of Edwards Ragland : The State of Texas v. John A. J. Hamilton; murder: which said indictment was then and there filed of record, indorsed thereon, "A true bill. Lasras F. Chapman, Foreman of the Grand Jury." And afterwards, then and there, in the case above stated, it was ordered by the Court that the Clerk thereof issue a special writ of *venire facias,* returnable by the Sheriff on Monday next thereafter. And afterwards, to wit : on Tuesday, March the 15th, 1853, the said Sheriff of said county, having before returned into Court the said special writ of *venire facias,* and the said State, by her District Attorney, appearing to prosecute the said indictment, and also comes the said John A. J. Hamilton, in his own proper person, and also his attorney, and moved the Court for a change of venue from the said county of Victoria for the trial of the said indictment; whereupon, after due consideration of the said motion, and the proofs in support of the same, it was ordered by the said Court that the said venue in this case be changed to the District Court of Goliad county, for the trial of the said indictment at the next Term thereof, and that the Clerk of this Court do transmit to the Clerk of the District Court of Goliad county a transcript of the records of this case, and all the original papers thereof on file in said Clerk's office at Victoria ; and afterwards then and there came into open Court the said John A. J. Hamilton, as principal, and also Quincy Davidson and David Emison, as sureties, each in his proper person, and acknowledged themselves severally indebted to the State of Texas in the sum of five thousand dollars, to be levied of their respective goods and chattels, lands and tenements, but to be void on condition that the said John A. J. Hamilton should make his personal appearance at the next Term after the said date of the District Court in and for Goliad county aforesaid, then and there to answer a charge exhibited against him by the State of Texas, for the murder of Edwards Ragland, and there to remain from day to day, and from Term to Term, until discharged by due course of law ; and afterwards, the said Clerk of the District Court for Victoria county having transmitted the transcript and original papers aforesaid, pursuant to the order aforesaid, the same were received and filed of record in his office by the said Clerk of the District Court for Goliad county

aforesaid, on the 10th day of May, A. D. 1853. And whereas, also, afterwards, to wit: on the tenth Monday after the first Monday in March, A. D. 1853, a District Court of the State of Texas aforesaid was begun and holden in and for the county of Goliad aforesaid, at the Court-house thereof; and afterwards, on the 24th day of May, 1853, at the said Term of said District Court, it was ordered by the Court, then and there, that a special writ of *venire facias* to the Sheriff of Goliad county aforesaid issue, returnable on Wednesday, the 24th day of May, 1853, for a jury to try the said indictment; and afterwards, to wit: on Thursday, the 26th day of May, 1855, the Sheriff aforesaid having previously returned the said special *venire*, came the State of Texas, by her District Attorney, and the said John A. J. Hamilton, in his own proper person, and also his attorney, into open Court; and the said John A. J. Hamilton having been duly arraigned and pleaded not guilty, and issue being joined, whereupon came a jury, who being duly selected, tried and sworn well and truly to try the issue joined between the State of Texas and the said John A. J. Hamilton, after having heard the evidence, the argument of counsel and the charge of the Court, retired to consider of their verdict, and after the lapse of twenty-four hours again came into open Court and showed to the satisfaction of the Court that they could not agree on a verdict; and the jurors having been withdrawn by order of the Court, a mistrial was entered, and the cause continued until the next Term of the Court; then came into open Court John A. J. Hamilton, as principal, who acknowledged himself justly indebted to the State of Texas in the sum of five thousand dollars, to be levied of his goods and chattels, lands and tenements, rights and credits, but to be void upon condition that he, the said Hamilton, shall make his personal appearance at the next Term of the District Court of Goliad county, then and there to answer a charge, exhibited against him by the State, for the murder of Edwards Ragland, and shall there remain from day to day, and from Term to Term, until discharged by due course of law; also came into open Court Quincy Davidson and David Emison, as sureties, and acknowledged themselves severally indebted to the State of Texas in the sum of twenty-five hundred dollars each, to be levied of their goods and chattels, lands and tenements, rights and credits, but to be void on condition that their principal, John A. J. Hamilton, make his personal appearance at the next Term of the District Court of the county of Goliad, to be holden at the Court-house thereof, then and

there to answer a charge, exhibited against him by the State, for the murder of Edwards Ragland, and shall there remain from day to day, and from Term to Term, until discharged by due course of law; and also came Darwin M. Stapp, Hugh Stapp, Green Davidson and Quincy Davidson, who acknowledged themselves severally indebted to the State of Texas in the sum of two hundred and fifty dollars each, to be levied of their goods and chattels, lands and tenements, rights and credits, but to be void upon condition that they, the said Darwin M. Stapp, Quincy Davidson, Green Davidson and Hugh Stapp, shall each make their personal appearance at the next succeeding Term of the District Court in and for the county of Goliad, to testify in behalf of the State in the case wherein the State of Texas is plaintiff, and John A. J. Hamilton is defendant, on a charge, exhibited against him by the State of Texas, for the murder of Edwards Ragland, and shall each there remain from day to day, and from Term to Term, until discharged by due course of law.

At a Term of the District Court, began and holden at Goliad, in and for the said State and county aforesaid, on Monday, the 21st day of November, A. D. 1853, the said Court being opened, the following proceedings were had on the 26th day of said Court, to wit:—

THE STATE OF TEXAS  
v.   } Murder.  
JOHN A. J. HAMILTON.

This case being called for trial, and the District Attorney appearing on behalf of the State, and the defendant, John A. J. Hamilton, failing to appear and answer, although solemnly called, also Quincy Davidson and David Emison, the sureties for the appearance of the said John A. J. Hamilton, although severally called, failing to appear and bring with them the body of their said principal, the said John A. J. Hamilton, to answer the indictment exhibited against him in this behalf, for the murder of one Edwards Ragland, as they, the said sureties, and he, the said principal, were bound to do, under the obligation, and by reason of their certain several recognizances, made and entered into by them respectively before this Court, in open Court on the 26th day of May, A. D. 1853. It is therefore ordered, adjudged and decreed by this Court, after due proclamation made, that the State of Texas do have and recover of and from the said John A. J. Hamilton the sum of five thousand dollars, the amount of

his said recognizance, and the further sum of five thousand dollars from his said sureties, the said Quincy Davidson and the said David Emison, that is to say, the sum of twenty-five hundred dollars from each of the said sureties, that being the amount of the said several recognizance entered into, as aforesaid, by the said sureties respectively, for the appearance of the said Hamilton at the present Term, to answer to said indictment, as aforesaid; and it is further ordered, adjudged and decreed that writs of *scire facias* do issue to each of said parties, principal and sureties of the aforesaid, requiring them to appear and show cause, if any they have, at the next succeeding Term of this Court, why this judgment *nisi* should not be made final and effective. It is further ordered that this case be continued, and that an *alias capias* do issue for the arrest of the said defendant, John A. J. Hamilton.

At a District Court, began and holden at the Court-house in the town of Goliad, in the State of Texas, and the county of Goliad, aforesaid, on Monday, the 22d day of May, A. D. 1854, the following proceedings were had on the 26th day of said month, to wit:—

THE STATE OF TEXAS }
No. 56.    v.    } Murder.
JOHN A. J. HAMILTON. }

On motion of the District Attorney, this cause is continued, and *alias capias*, returnable to the next Term of this Court, ordered to issue.

THE STATE OF TEXAS }
v.    } *Scire facias.*
JOHN A. J. HAMILTON ET ALS. }

On motion of the District Attorney, this case is continued, and *alias scire facias*, returnable to the next Term of this Court, ordered to issue.

THE STATE OF TEXAS }
v.    } *Scire facias.*
QUINCY DAVIDSON AND DAVID EMISON. }

On motion of the District Attorney, the return of the Sheriff is quashed, the case continued, and *alias scire facias*, returnable to the next Term of this Court, ordered to issue.

Thereupon the following *scire facias* issued:—

THE STATE OF TEXAS, *County of Goliad.*

The State of Texas to the Sheriff of Victoria county, greeting. You are hereby commanded to summon the said Quincy Davidson and the said David Emison, if to be found in your county, to appear at the District Court of the said State, to be holden in and for Goliad county, at the Court-house thereof, on the seventh Monday after the third Monday of September, A. D. 1854, then and there to answer the State of Texas of all the matters in this writ *nisi* contained, and further to do and receive what further the said Court may order, adjudge and decree in the premises.

Herein fail not, under the legal penalty; and of this process, and your service thereon, make due return according to law.

Witness, E. Luter, Clerk of the District Court of Texas in and for Goliad county, and the seal of said Court, at my office in said county. Issued this the 14th day of September, A. D. 1854.

E. LUTER, Clerk D. C.

In the copy in the transcript, there was the usual blank for the seal of the Court, in the margin, to the left of the attestation of the Clerk, but nothing to represent a seal.

The *scire facias* was returned served on Davidson and Emison. At Fall Term, 1854, the District Attorney, by leave of the Court, amended the *scire facias* so as to make it recite the date of the judgment *nisi*, as the 25th, instead of the 26th, November, 1853; and said defendants failing to answer, final judgment was rendered against them by default. Defendants brought the case up by writ of error, giving bond so as to obtain a supersedeas.

*Cunningham* and *Jones*, for plaintiffs in error. The pretended *scire facias* is a mere nullity. It is void, because the judgment *nisi* was several (not joint) against each of the appellants, for the amount for which each was liable, and a *scire facias* was ordered to issue against each, and the writ in question is a joint writ against both. It is void, because it contains none of the requisites of a *scire facias*.

It is contended by the Attorney-General, that the matter in the transcript, from page 17 to 25, should be taken as a part of this writ. The writ itself forbids such construction. They are as independent of each other as the first and last process. This

is a proceeding for a penalty, or forfeiture, and nothing can be taken by intendment in favor of the forfeiture.

*Attorney-General*, for defendant in error. I. There can be no tenable objection to the form of the writ of *scire facias*. It is more prolix than was necessary. All the proceedings on which it rested are fully set forth, and the defendants are fully apprised of what they are required to answer.

If it be meant that a separate writ should have issued to each defendant, there is no validity in the objection.

II. The amendment was of a mere clerical mistake. The recitation (afterwards amended) was as it originally stood, immaterial, and might have been so treated. But there can be no doubt of the power to amend. (14 Tex. R. 456; 5 Iredel, 12, 203; 12 Ala. 363; 8 Id. 297.)

III. The counsel for plaintiffs in error argues that the writ of *scire facias* on which the judgment was rendered, is set out fully on page 26 of the record. This, I apprehend, is a mistake; the proceedings, recited upon several pages preceding this, are evidently a portion of the writ.

WHEELER, J. If the *scire facias* contained sufficient matter of substance, intelligibly presented, and was properly tested, it would not be a fatal objection that it contains irrelevant matter and is informal. But it is scarcely intelligible, and must have appeared quite unmeaning to defendants, who may not be supposed to know what it ought to contain. It does not apprise the defendants that they are required to show cause why judgment final should not be rendered against them, or what, in particular, they are required to answer. It is a joint *scire facias*, against two, upon two several judgments. It ought to follow the judgment. It recites a judgment rendered on the 26th, whereas it was rendered on the 25th of the month. The omission of a seal may be a clerical error in making up the transcript. But the *scire facias* is so irregular, informal and unintelligible, that no judgment ought to be rendered upon it. The judgment is therefore reversed and the cause remanded for further proceedings.

Reversed and remanded.